```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY PIROZZI, ANTHONY D'AQUILA,
MICHAEL O'TOOLE, FRANK H. FINKEL,
JOSEPH A. FERRARA, SR., MARC HERBST,
THOMAS F. CORBETT, and DENISE
RICHARDSON, and, as Trustees and
Fiduciaries of the Local 282
Welfare Trust Fund, the Local 282
Pension Trust Fund, the Local 282       MEMORANDUM & ORDER
Annuity Trust Fund, the Local 282       13-CV-0050(JS)(ARL)
Job Training Trust Fund, and the
Local 282 Vacation and Sick Leave
Trust Fund,

                       Plaintiffs,

        -against-

GENERAL CONCRETE CONSTRUCTION, INC.,

                       Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:        Christopher A. Smith, Esq.
                       James Robert Grisi, Esq.
                       Trivella & Forte, LLP
                       1311 Mamaroneck Avenue, Suite 170
                       White Plains, NY 10605

For Defendant:         No appearances.
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R"), issued on February 10, 2014. For the following reasons, the Court ADOPTS this R&R in its entirety.

BACKGROUND

Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony Pirozzi, Anthony D'Aquila, Michael O'Toole, Frank H. Finkel, Joseph A. Ferrara Sr., Marc Herbst, Thomas F. Corbett, and Denise Richardson (collectively "Plaintiffs"), as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund commenced this lawsuit on January 3, 2013 against defendant General Concrete Construction, Inc. ("Defendant") seeking to recover withdrawal liability and attendant damages owed by Defendant pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA").

On February 18, 2013, Plaintiffs filed an affidavit of service affirming that the Summons and Complaint were served on Defendant by service on the Secretary of State on January 24, 2013. (Docket Entry 5.) Defendant did not answer or otherwise respond to the Complaint and, on April 22, 2013, Plaintiffs requested a Certificate of Default. (Docket Entry 6.) The Clerk of the Court certified Defendant's default on April 23, 2013. (Docket Entry 7.) On July 12, 2013, Plaintiffs moved for a default judgment. (Docket Entry 8.)

Judge Lindsay's R&R recommends that the Court grant default judgment and award Plaintiffs the following damages:

2

(1) $27,004.00 in withdrawal liability; (2) $3,796.20 in interest through July 13, 2013, plus $13.32 per day from that date through the date judgment is entered; (3) $5,400.80 in liquidated damages; (4) $3,465.00 in attorneys' fees; and (5) $647.57 in costs.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

Judge Lindsay's R&R is ADOPTED in its entirety and Plaintiffs motion for a default judgment is GRANTED.

The Clerk of the Court is directed to enter judgment in favor of Plaintiffs and against Defendant as follows:

3

(1) $27,004.00 in withdrawal liability; (2) $3,796.20 in interest through July 13, 2013, plus $13.32 per day from that date through the date judgment is entered; (3) $5,400.80 in liquidated damages; (4) $3,465.00 in attorneys' fees; and (5) $647.57 in costs.

The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March   11  , 2014
         Central Islip, New York

4